45

**LEEFE | GIBBS**

*Attorneys and Counselors at Law*
ONE LAKEWAY CENTER, SUITE 1470
3900 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE: (504) 830-3939
FAX: (504) 830-3998

**MICHAEL R. GELDER**

**Writer's E-Mail Address:**
**mrgelder@leefegibbs.com**

December 8, 2023

United Specialty Insurance Company
Through its Agent, Terry Ledbetter
1900 L. Don Dodson Dr.
Bedford, TX 76021

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
*9490 9112 0620 4469 0165 55*

    RE:    Bourgogne Bywater, LLC v Certain Underwriters at Lloyds London, et al
             CDC# 2023-09894 "F"
             Petition for Damages
             Our File: 10,474

To Whom It May Concern:

In accordance with the Long Arm Statute of the State of Louisiana, enclosed please find the Citation and Petition advising United Specialty Insurance Company that it has been sued in the above referenced matter. As the Clerk of Court indicates in its Citation, United Specialty Insurance Company has thirty (30) days from the date of service in which to deliver its answer to the Clerk under penalty of default.

Sincerely,

Michael R. Gelder

MRG/asr
Enclosure

**ATTORNEY'S NAME:** Gelder, Michael R 30210
**AND ADDRESS:** 3900 N. Causeway Blvd Suite 1470, Metairie, LA 70002

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

| | | |
|---|---|---|
| NO: 2023-09894 | DIVISION: F | SECTION: 14 |

**BOURGOGNE BYWATER, LLC**

**Versus**

**CERTAIN UNDERWRITERS AT LLOYDS LONDON ET AL**

### CITATION - LONG ARM

TO:        UNITED SPECIALTY INSURANCE COMPANY

THROUGH:   THE LOUISIANA LONG ARM STATUTE  ITS AGENT: TERRY L. LEDBETTER

1900 L. DON DODSON DRIVE, BEDFORD, TX 76021

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA December 5, 2023

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _Jasmine Bryant_
**Jasmine Bryant, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| PETITION FOR DAMAGES | PETITION FOR DAMAGES |
| ON  UNITED SPECIALTY INSURANCE COMPANY | ON  UNITED SPECIALTY INSURANCE COMPANY |
| THROUGH:  **THE LOUISIANA LONG ARM STATUTE  ITS AGENT: TERRY L. LEDBETTER** | THROUGH:  **THE LOUISIANA LONG ARM STATUTE  ITS AGENT: TERRY L. LEDBETTER** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **UNITED SPECIALTY INSURANCE COMPANY** being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER              RETURN | Deputy Sheriff of _____ |
| _____ / _____ / _____ | |
| SERIAL NO.       DEPUTY       PARISH | |

F

Section 14

FILED
2023 AUG 28  P 04:32
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

|  |  |  |
|---|---|---|
| BOURGOGNE BYWATER, LLC | * | CASE NO. |
| | * | |
| | * | DIVISION: |
| VERSUS | * | |
| | * | JUDGE: |
| CERTAIN UNDERWRITERS AT | * | |
| LLOYD'S LONDON, INDIAN HARBOR | * | |
| INSURANCE COMPANY, QBE | * | |
| SPECIALTY INSURANCE COMPANY, | * | |
| STEADFAST INSURANCE COMPANY, | * | |
| GENERAL SECURITY INDEMNITY | * | |
| COMPANY OF ARIZONA, UNITED | * | |
| SPECIALTY INSURANCE COMPANY, | * | |
| LEXINGTON INSURANCE COMPANY, | * | |
| SAFETY SPECIALTY INSURANCE | * | |
| COMPANY, HDI GLOBAL SPECIALTY | * | |
| SE, & OLD REPUBLIC UNION | * | |
| INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

FILED:_____      DEPUTY CLERK:_____

### PETITION FOR DAMAGES

**NOW COMES,** through undersigned counsel, BOURGOGNE BYWATER, LLC, ("BOURGOGNE"), a Louisiana limited liability entity domiciled in the Parish of Orleans, State of Louisiana and whose individual member owners include residents of the states of New York and Connecticut, who with respect represents:

1.

Made Defendant herein are CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, who at all material times insured Plaintiff under policy number AMR-68973, ("LLOYDS"), a UK syndicate whose agent for service of process in the United States is Lloyd's America, Inc. Attn: Legal Department, 280 Park Avenue, East Tower, 25th Floor, New York, New York, 10017.

2.

Made Defendant herein is INDIAN HARBOR INSURANCE COMPANY ("INDIAN HARBOR") who at all material times insured Plaintiff under policy number AMP7537615-00, a Delaware corporation with principal offices in Connecticut & Pennsylvania whose registered agent for service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

VERIFIED
Jovan Gibson
2023 AUG 29  A 10:09

E-Filed

**F**

**Section 14**

2023-09894 Case 2:24-cv-00121-WBV-KWR   Document 1-2   Filed 01/12/24   Page 4 of 21

FILED
2023 AUG 28  P 04:32
CIVIL
DISTRICT COURT

3.

Made Defendant herein is QBE SPECIALTY INSURANCE COMPANY ("QBE") who

at all material times insured Plaintiff under policy number MSP-29205, a North Decota

corporation with principal offices in Wisconsin & New York whose registered agent for service

of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

4.

Made Defendant herein is STEADFAST INSURANCE COMPANY ("STEADFAST")

who at all material times insured Plaintiff under policy number CCP1185997-00, an Illinois

corporation with principal offices in Illinois whose registered agent for service of process is the

Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

5.

Made Defendant herein is GENERAL SECURITY INDEMNITY COMPANY OF

ARIZONA ("GENERAL SECURITY") who at all material times insured Plaintiff under policy

number 10T029659-19-00, an Arizona corporation with principal offices in Arizona and New

York whose registered agent for service of process is the Louisiana Secretary of State, 8585

Archives Ave., Baton Rouge, LA 70809.

6.

Made Defendant herein is UNITED SPECIALTY INSURANCE COMPANY ("UNITED

SPECIALTY") who at all material times insured Plaintiff under policy number USI-26214-00, a

Delaware corporation with principal offices in Delaware and Texas whose registered agent for

service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA

70809.

7.

Made Defendant herein is LEXINGTON INSURANCE COMPANY ("LEXINGTON")

who at all material times insured Plaintiff under policy number LEX-037041069-00, a Delaware

corporation with principal offices in Massachusetts & New York whose registered agent for

service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA

70809.

8.

Made Defendant herein is SAFETY SPECIALTY INSURANCE COMPANY

("SAFETY SPECIALTY") who at all material times insured Plaintiff under policy number SSI-

**E-Filed**

**FILED**

**2023 AUG 28 P 04:32**

CIVIL

DISTRICT COURT

**F**

**Section 14**

17455-00, a Missouri corporation with principal offices in Missouri whose registered agent for service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

9.

Made Defendant herein is HDI GLOBAL SPECIALTY SE ("HDI") who at all material times insured Plaintiff under policy number HAN-23569-00, a German entity with principal offices in New York whose registered agent for service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.'

10.

Made Defendant herein is OLD REPUBLIC UNION INSURANCE COMPANY ("OLD REPUBLIC") who at all material times Plaintiff under policy number ORAMPR008454-00, an Illinois corporation with principal offices in Illinois whose registered agent for service of process is the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

11.

LLOYDS, INDIAN HARBOR, QBE, STEADFAST, GENERAL SECURITY, UNITED SPECIALTY, LEXINGTON, SAFETY SPECIALTY, HDI, & OLD REPUBLIC (cumulative referred to as the "SYNDICATE INSURER") insured the property located at 2930 Burgundy Street in New Orleans, Louisiana, 70117.

12.

Venue is proper relative to this matter in that this matter arises out of property insured and located in the Parish of Orleans, State of Louisiana.

13.

At all relevant times, SYNDICATE INSURER insured the property located at 2930 Burgundy Street in New Orleans and operated by BOURGOGNE.

14.

At all relevant times, SYNDICATE INSURER provided a policy of insurance to BOURGOGNE which was at full force and effect on August 29, 2021 and which covered the property against perils, including hurricanes, wind and hail.

3

FILED

2023 AUG 28   P 04:32

CIVIL

DISTRICT COURT

# F

## Section 14

15.

On or about August 29, 2021, Hurricane Ida struck Louisiana and the City of New Orleans as a powerful Category 4 hurricane causing major damage to structures across the city and state of Louisiana.

16.

On or about August 29, 2021, Hurricane Ida caused significant damage to the 2930 Burgundy Street project, all of which was covered by the SYNDICATE INSURER's insurance policy.

17.

As a result of Hurricane Ida, BOURGOGNE sustained significant costs to repair physical damage, additional costs and delays associated with the repair of the damage, loss of revenue, loss of rents, and other extra expenses that were covered by the SYNDICATE INSURER's policy of insurance.

18.

While the SYNDICATE INSURER has substantially covered the repair of the physical damage, there remain substantial soft-cost expenses, that while covered by the insurance policy, have not been tendered by the SYNDICATE INSURER.

19.

The SYNDICATE INSURER, in failing to properly adjust the BOURGOGNE claim, has breached its contract with BOURGOGNE, causing damages in the form of covered hard and soft expenses and losses that are covered by the insurance policy.


**WHEREFORE,** Bourgogne Bywater, LLC, Plaintiff, prays that after due proceedings had, that:

1) There be judgment be in favor of BOURGOGNE BYWATER, LLC and against CERTAIN UNDERWRITERS AT LLOYD'S LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE

4

**F**

**Section 14**

FILED

2023 AUG 28  P 04:32

CIVIL
DISTRICT COURT

COMPANY, HDI GLOBAL SPECIALTY SE, & OLD REPUBLIC UNION

INSURANCE COMPANY for all damages sustained, as well as costs, expenses,

attorney's fees and penalties;

2) For all other just and equitable relief.

Respectfully Submitted:
Leefe | Gibbs

Michael R. Gelder, Bar No. 30210
Suite 1470, 3900 No. Causeway Blvd.
Metairie, La. 70002
(504) 830-3939; Fax: 830-3998
Email: mrgelder@leefegibbs.com
*Attorney for Plaintiff, Bourgogne
Development, LLC*

**PLEASE HOLD SERVICE OF PROCESS**

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**E-Filed**

IN RE: HURRICANE IDA CLAIMS

2022-03492

SECTION 15

STATE OF LOUISIANA **FILED**

PARISH OF ORLEANS 2022 APR 21 AN 11: 32

CIVIL DISTRICT COURT CIVIL DISTRICT COURT

DEPUTY CLERK

## CASE MANAGEMENT ORDER
## REGARDING CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANE IDA

On August 29, 2021, Hurricane Ida came ashore near Port Fourchon, Louisiana and left destruction throughout south Louisiana as a major Category 4 Hurricane.[1] Major Hurricane-force winds, with gusts in excess of 192 mph inflicted catastrophic damage throughout south Louisiana and hurricane force winds impacted this Court's jurisdiction.[2] The causes of action arising therefrom may sometimes be referred to as "Hurricane Cases."[3]

In the aftermath of these catastrophic natural disasters, this Court recognizes the likelihood of a high volume of insurance coverage-related litigation linked to the Hurricane. In Act 318 of the 2021 Regular Session the Legislature of Louisiana amended the laws expanding judicial authority related to special masters and mandatory mediation in cases stemming from certain major disasters ("Act 318").[4]

Act 318 authorizes this court to issue this CMO, this Court finds it warranted to best accommodate the adjudication of Hurricane cases in this Court.[5] Accordingly, this Court's aim continues to be the just and expedient resolution of these related matters, in spite of the increased strain on the Court's resources, and with the primary goal of enabling the New Orleans community to move forward with crucial recovery efforts, in the aftermath of the Hurricane and the ongoing Coronavirus pandemic.

**IT IS HEREBY ORDERED** that this Case Management Order shall be immediately

---

[1] https://www.theadvocate.com/baton_rouge/news/article_0cc1dc86-0a90-11ec-827e-6342102b8d5d.html
[2] https://www.theadvocate.com/baton_rouge/news/business/article_10bb5488-11d0-11ec-82c3-e3dd67bc12ad.html    https://www.nbcnews.com/news/us-news/live-blog/hurricane-ida-live-updates-8-30-n1277989/ncrd1278026/#liveBlogHeader
[3] All causes of action concerning damage related to Hurricane Ida is subject to this Order, including causes of action where the third-party demand or cross claim is a claim against an insurer by an insured due to damage from the Hurricane.
[4] Hurricane Ida qualifies pursuant to R.S. 13:4165(F)(1). A major disaster declaration was made by the President for Orleans Parish in Hurricane Ida under FEMA Release No. HQ-21-181. Orleans Parish qualified for individual assistance for the Hurricane (FEMA designation DR-4611-LA).
[5] Hurricane Ida ties Hurricane Laura for the strongest hurricane to hit Louisiana and the fifth strongest Hurricane to hit the United States. Act 318 was enacted in the aftermath of Hurricane Laura and this CMO is modeled extensively on the CMO successfully adopted by the 14th Judicial District Court following Hurricane Laura.

1

VERIFIED
04/21/2022

applicable to all Hurricane Cases currently pending or hereafter filed in this Court (Civil District Court for the Parish of Orleans).

## SECTION 1. DISASTER PROTOCOLS FOR INITIAL DISCLOSURES

The Court has reviewed the Disaster Litigation Initial Discovery Disaster Protocols adopted by the United States District Court for the Western District of Louisiana, applicable to all Hurricane Cases[6] and the nearly identical Disaster Protocols implemented by the U.S. District Court for the Southern District of Texas following Hurricane Harvey.[7] These Disaster Protocols call for prompt sharing of specific information to promote uniformity, to facilitate prompt evaluation of each case, to foster communication between the parties, and to facilitate an expedited mediation procedure.

Accordingly, this Court has adopted the Disaster Protocols attached hereto as Exhibit "A" in the Disaster Protocols Order and makes them applicable to all Hurricane cases filed in this Court. Additionally, **IT IS HEREBY ORDERED** that there shall be an automatic extension of time to Answer in every Hurricane case until the 30th day after service of the plaintiff's petition. No further extensions of time shall be granted except in exigent circumstances.

Additionally, **IT IS HEREBY ORDERED** that the disclosures and exchange of information required by the Disaster Protocols Order shall be due 45 days from the date that defendant files responsive pleadings. This deadline may sometimes hereinafter be referred to as the "Disclosure Deadline". Even if the parties agree to further extension of time to file responsive pleadings, the Disclosure Deadline shall be no more than 90 days from the service of the petition unless the extension of the Disclosure Deadline is expressly extended by the written consent of all parties or pursuant to an express Order of this Court to extend it.

**IT IS FURTHER ORDERED** that each party shall supplement their Initial Disclosures at least twenty-one days prior to any scheduled mediation pursuant to the CMO.[8]

**IT IS FURTHER ORDERED** that all other discovery is stayed until certification of the completion of the SSP. However, the Special Master may authorize limited formal

---

[6] https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1_Att_A_Dis covery_Protocols.062121.tzd_0.pdf
[7] *United States District Court for the Southern District of Texas*, Disaster Litigation Initial Discovery Protocols, *available at* https://www.txs.uscourts.gov/sites/txs/files/Disaster%20FINAL%20Web%20version.pdf
[8] If the Special Master finds a production under the Disaster Disclosures too voluminous or disorganized to be useful for the SSP, he may require that the Disaster Disclosures be bates numbered and organized with a Table of Contents.

discovery during the SSP in extraordinary circumstances.[9]

**SECTION 2. PRIVILEGE**

Documents for which a privilege may properly be asserted include communications that reflect the mental impressions, conclusions, opinions, or theories of an attorney.[10] However, as recognized by federal courts concerning hurricane cases "Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports, and other expert analyses, including draft reports, are not privileged and should be produced."[11]

Therefore, **IT IS FURTHER ORDERED that** any party withholding disclosure of any information or documents, where said disclosure is required pursuant to the Disaster Protocols, shall produce a privilege log to opposing counsel on or before the Disclosure Deadline. This privilege log shall detail all information or documents that it declined to produce on the basis of that the material is privileged. The log should include: the author(s) of the document, the recipient(s) of the document (including direct recipients and recipients copied), indication (e.g., with an asterisk) of which individual(s) (authors and recipients) are attorneys (or paralegals or other legal staff carrying out a legal function for an attorney), the date of the document, subject line of the document, title of the document, the nature of any privilege(s) asserted, and a description of the document (over which a privilege is asserted) in a manner that, without revealing information itself privileged or protected, will enable the Special Masters and/or the Court to assess the claim.

Any dispute concerning privileged items shall be referred to the Special Master. If a motion to compel related to the privilege log is filed, or if any other privilege dispute is raised with the Special Master, the disputed items shall be provided to the Special Master *in camera* within ten days. The Special Master or his designated deputy shall provide all parties with a report and recommendation concerning the claimed privilege.

If neither party opposes the report and recommendation within seven days of its receipt then the Court may issue an Order confirming it. If either party opposes the report and

---

[9] The parties are encouraged to make requests for limited discovery in complex cases when necessary to effectively participate in the SSP outlined herein.
[10] La. C.C.P. art. 1424(A)
[11] United States District Court for the Western District of Louisiana, *In Re Hurricane Laura and Delta Cases: Case Management Order No. 1*, p. 3, *available at* https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1.012221.tzd. pdf
United States District Court for the Eastern District of New York, *In Re Hurricane Sandy Cases: Case Management Order No. 1*, p. 10, *available at* https://img.nyed.uscourts.gov/files/general-ordres/14mc41cmo01.pdf.

recommendation within seven days of its receipt then the report shall be transmitted to the Court by the Special Master together with the *in camera documents*. The opposing party may file a memorandum concerning the report and recommendation within seven days of receiving the report, and any other party may file a response within five days of the filing of the opposition.

## SECTION 3. SPECIAL MASTER AND APPOINTED NEUTRALS

Considering the foregoing reasons supplied by the Court in the introduction *infra*, the Court finds that exceptional circumstances exist which warrant the appointment of a Special Master to assist with the efficient and fair administration of all Hurricane Cases. Pursuant to the Court's inherent judicial power and its authority under La. R.S. 13:4165, *et seq*, it is ordered that **THE COURT HEREBY APPOINTS E. JOHN LITCHFIELD, ESQ. AND CADE R. COLE, ESQ.** as the Special Masters for Hurricane Cases in the Orleans Civil District Court.

As part of their appointment, the Court mandates that the Special Masters shall proceed with all reasonable diligence and shall exercise their respective rights and responsibilities to direct the Streamlined Settlement Process as provided in this Order.

**IT IS FURTHER ORDERED** that the Neutrals, referenced in Section 4(II)(B), *supra*, are hereby appointed and shall proceed with all reasonable diligence and shall exercise their rights and responsibilities under the Streamlined Settlement Process ("SSP") as the Special Master may direct.

### I.    *The Special Masters*

The Special Masters shall administer, coordinate, and preside over the SSP. This authority includes the power to order parties and/or party representatives with full power of settlement to submit briefing, engage in discovery, and attend settlement conferences. The Special Masters may enter any other order to effectuate the provisions of the SSP, subject to the review and control of the Court.

### II.    *Compensation of Appointed Neutrals*

The Special Masters and all other appointed neutrals under the SSP (the "Appointed Neutrals") shall be compensated in the amount of:

A.  $400 per hour;

B.  $280 per case for the Special Masters for administrative expenses in administering, scheduling, organizing, and coordinating the Streamlined Settlement Process for each case amongst the parties as well as with the Appointed Neutrals; and

C.  all actual expenses of the Appointed Neutrals, including but not limited to travel, meeting rooms, telephone, and electronic audio or video conference

4

means.

Unless otherwise directed by mutual agreement of the parties or as otherwise directed by the Special Masters, all of the above fees and expenses shall be paid twenty-five percent (25%) by the plaintiff(s) and seventy-five (75%) by the defense(s).[12] If the claim settles for $25,000 or less, then 100% of the above fees and expenses shall be paid by the defense(s).

**IT IS FURTHER ORDERED that** $70 of the administrative fee provided for in Section II(B) shall be added to the cost of filing the petition, collected by the clerk of court, and remitted monthly to the Special Masters; and that $210 of the administrative fee provided for in Section II(B) shall be added to the cost of the first notice or filing by the defendant, collected by the clerk of court, and remitted monthly to the Special Masters.

### III. Role of Appointed Neutrals

A. The Special Masters and Appointed Neutrals may communicate *ex parte* with the Court when deemed appropriate by the Special Masters, at the Special Masters' discretion, without providing notice to the parties, including communication certifying that the parties have complied with the requirements of the SSP.

B. The Special Masters and Appointed Neutrals may initiate contact and communicate with counsel for any party as he or she deems appropriate with respect to the efficient administration and management of the SSP.

C. The Special Masters and Appointed Neutrals, the parties, and those assisting the foregoing shall be bound by the confidentiality of the settlement discussions.

D. The Special Masters may designate any of the Appointed Neutrals to act as his deputy from time to time and to perform any duties of the Special Masters.

E. If an Appointed Neutral reports that a case did not settle due to a party's failure to comply with its obligations under the Disaster Protocols, including the obligation to supplement the Disaster Disclosures at least twenty-one (21) days prior to the mediation, the Special Master may order another mediation and may assess the full cost of the first mediation against the party in violation.

### IV. Notice to the Special Masters.

Any party to a Hurricane Case may file a motion with the assigned District Judge requesting an opt out from the SSP only for good cause shown within the applicable deadline (*see* Section 4 below). **IT IS FURTHER ORDERED that** any party filing an opt out motion shall copy the Special Masters, and that the parties shall provide notice of the Court's Order on the motion to opt out to the Special Masters whether the motion to opt out is granted or denied.

**IT IS FURTHER ORDERED that** counsel for any party to a Hurricane Case that has been provided a copy of this Order shall be required to provide email notice to the Special Masters of the initial pleadings and all subsequent filings in any Hurricane Case (knowledge of this provision is presumed where a counsel for the party has been provided a copy of this Order for a case for that party or any other party). The Special Masters shall send an Initial Informational Package on the SSP to all parties and/or counsel of record for Hurricane Cases subject to the SSP.

---

[12] In instances where an insurer of an insured has filed suit against the insured concerning a Hurricane case the insured shall be considered the plaintiff for the purposes of the cost split under this order and the insurer shall be considered the defendant. It is generally customary in the event of settlement that a condition of settlement be that the insurer pays court costs and costs of the SSP/mediation.

## SECTION 4. STREAMLINED SETTLEMENT PROCESS ("SSP")

Within 15 days of the filing of the defendant's responsive pleading (or within 15 days of the receipt of a copy of this Order by the defendant or its counsel, including by electronic or other means — whichever is later), either party may file a motion to opt out of this Streamlined Settlement Process for good cause shown. This motion may be decided on the briefs without hearing. Unless the Court authorizes an opt out, then the parties shall participate in the two-staged Streamlined Settlement Process, which is described as follows:

### I. First Stage: Settlement Conference

Within 45 days of the Disclosure Deadline in all Hurricane Cases, all parties shall conduct an informal settlement conference ("ISC") among all parties and their counsel. Within 15 days of the Disclosure Deadline counsel shall meet to confer and discuss a mutually convenient time, date, and manner for the conference. In light of the COVID-19 pandemic as well as the desire to resolve the Hurricane Cases as expeditiously as possible, settlement conferences should be conducted, where possible, by phone or audiovisual communication, including but not limited to Zoom, Skype, or similar platforms.

Counsel for each plaintiff and for each defendant must have full authority to resolve the case from their clients, who shall be readily available by telephone if circumstances for the ISC require assistance.

The ISC shall include a particularized demand from the plaintiff that is itemized by each claimed policy coverage category then known to be remaining in dispute and/or any existing demand for extra-contractual damages that are then claimed to be incurred. The demand shall be submitted by email to the opposing counsel on the form attached as Exhibit "C" at least 72 hours prior to the scheduled ISC.

The attorney for the insurer will conduct a call prior to the ISC with the relevant client representative to ensure the client representative has reviewed the ISC demand. The client representative will inform their counsel concerning additional information requested to evaluate the claim, and their counsel shall convey that to opposing counsel at the ISC or in writing. The insurer shall submit by email to the opposing counsel an itemization of the prior payments awarded by coverage category on the form attached as Exhibit "D" at least 48 hours prior to the scheduled ISC.

The defendant shall respond at the ISC to briefly detail why it does not agree with the demand by category. The plaintiff may request that this response be reduced to writing, and if requested it shall be answered within 15 days of the ISC.

All ISC communications shall be covered by mediation confidentiality. The Special Masters may order any particular modifications in this protocol for specific cases, parties, or attorneys.

### II. Second Stage: Mediation

Cases that do not resolve during the initial settlement conference shall be set for a formal mediation. The parties shall provide the Special Masters written notice (including by email and preferably jointly) of completion of the First Stage along with a request for mediation. The Special Masters may assign a neutral within 60 days of the Disclosure Deadline even if neither party submits the written notice. The Special Masters shall then assign each Hurricane Case to an Assigned Neutral, and it is the goal that Assigned Neutrals complete mediation within 90 days of appointment. The Special Masters (or Appointed Neutral for the case) may set a scheduling conference, or communicate with counsel about availability through other means, but shall seek to

schedule the mediations in an expeditious manner at mutually convenient times and dates for all parties. In the event a counsel provides an insufficient number of available dates the Special Masters may authorize an extension of the SSP period for that case or may require mediation on a date selected by the Special Masters, including on a weekend day.

### A. Conduct of Mediation

After scheduling of an agreed mediation, counsel for each party shall submit confidential statements solely to the appointed neutral. The appointed neutral shall determine, after conferring with the parties, on the length of the confidential mediation statements and the permissible number of exhibits attached thereto.

Plaintiff(s) shall be present in-person along with counsel (subject to accommodations approved by the case's Appointed Neutral). Defense counsel shall also attend in-person. A representative from defendant(s) is encouraged to attend, but unless otherwise directed by the Special Masters the defendant(s) representative shall not be required to attend if counsel for the defendant has full authority to resolve the case. In addition, a representative of the defendant shall be readily available by telephone or video communication, if circumstances for that particular mediation require assistance.

To the extent agreed by the parties and the case's Appointed Neutral, this mediation conference may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or similar platforms.

As part of this Streamlined Settlement Process, the attendees may be invited to each make opening statements but there shall be no live witness testimony.

### B. List of Neutrals

The Court hereby initially designates and appoints the following individuals as "neutrals" (mediators / appointed neutrals) for the SSP:

The Special Masters and any other person qualified pursuant to R.S. 13:4165(F)(5) that is designated by the Special Masters after consultation with the Court (including those identified in the attached list).

### C. Neutral Training

The Special Masters may undertake to provide special training to the neutrals, including coordinating participation in training prepared for the Streamlined Settlement Process. The Special Masters may form a plaintiffs' liaison committee and a defense liaison committee or may coordinate with any related Federal Court liaison committees for Hurricane Cases. If formed, the Special Masters may solicit input and responses concerning commonly occurring legal issues that the liaison committees, from experience, believe may arise in a large number of these cases, along with relevant case law or other authority addressing these issues. While the ultimate determination of any such common issue may well be fact driven, and the outcome of any legal issue will be determined by the Court, the Special Masters may seek this information in order to educate and fully prepare the appointed neutrals with the hope of expediting the settlement process. The Special Masters may facilitate discussions by and among the appointed neutrals to promote, to the extent possible, consistency in the resolution of cases.

### III. *Extensions of Time*

Upon a joint request by the parties, or for other good cause shown, the Special

Masters may modify any deadline specified in this Order.

**SECTION 5. COURT APPOINTED UMPIRES REQUIRED UNDER POLICIES**

If an insurance policy implicated in a Hurricane Case provides for court appointment of a neutral or third appraiser for valuation disputes (hereinafter referred to as an "Umpire"), any request for the appointment by this Court of an Umpire shall only occur if the parties have been unable to agree on their own.

Any request for the appointment by the Court of an Umpire shall be made in writing no later than the deadline for filing of the defendant's responsive pleading. Any motion or request for this Court's appointment of an Umpire shall be submitted to the Special Masters via email at HurricaneIda@colelaw.us and jlitchfield@berriganlaw.net . This deadline may be extended by a Special Master in exceptional circumstances for good cause.

If a requesting party is seeking court appointment of an Umpire and no case is otherwise filed or pending before this Court (an "Umpire Only Filing"), then the parties shall follow the same procedures.

An Insurer is required to provide written notice of the request to any known counsel for the Insured (or directly to an unrepresented Insured). An Insured is required to provide written notice of the request to any known counsel of Insurer (if any) or alternatively to the Insurer's primary point of contact on the claim with Insured. The appraisers previously selected by each party shall also be provided notice, and their contact information (phone and email address) shall be provided in the request for appointment of an Umpire.

A written report and recommendation concerning the Umpire's appointment shall be issued to the parties and shall be deemed applicable to the parties in the same manner as if made by an order of the Court unless the report and recommendation is overturned by the assigned District Judge for good cause following a motion opposing the report and recommendation filed within seven days of transmittal of the written report and recommendation. Alternatively, a Special Master may issue the report and recommendation to the Court, and the Court may directly issue an Order concerning the appointment.

**IT IS ORDERED** that the appraisers appointed by the parties are required to complete their work and submit any disputes to the Umpire no later than 60 days following the first Initial Disclosure Deadline under this Order (105 days following the filing of the defendant's

8

responsive pleadings). The appointed Umpire shall issue his report no later than 21 days from the submission of the dispute to the Umpire. This period may be modified by the Special Masters upon a showing of good cause.

## SECTION 7.     CLERK OF COURT AND NOTICE

A Plaintiff filing a Hurricane Case should note on its cover letter, in ***ALL CAPS*** and ***RED FONT***, that the matter is a "HURRICANE CASE". **Each caption and on each pleading, "HURRICANE CASE" in bold print shall follow the docket number.** If a Special Master learns the Order has not been entered by the Clerk of Court, he shall serve it on the parties by email and may file proof of the same into the record at no cost.

In all subsequently filed Hurricane Cases, a copy of this order shall be served on the defendant(s) along with the Petition and Citation. The Clerk of Court shall include a reference that the Case Management Order is served with the Petition in the Citation issued. The Clerk of Court shall also provide a copy to the plaintiff by any authorized means.

The Clerk of Court shall transmit via email, at least weekly, to the Special Masters the docket numbers, case caption, and attorney contact information for any Hurricane Cases filed.

Any party making any filing or submitting any memoranda in a Hurricane Case subject to this Order shall serve a courtesy copy on the Special Masters in the same manner as enrolled counsel via email at HurricaneIda@colelaw.us and jlitchfield@berriganlaw.net.

## SECTION 7.     COURT SUPERVISION

The Disaster Protocols and Streamlined Settlement Process shall, at all times, be subject to the ultimate control and supervision of the Court. This Case Management Order for Hurricane Cases is subject to modification pursuant to further orders of this Court. **All provisions of this Order shall be applicable to all Hurricane Cases whether then pending or thereafter filed.**

SO ORDERED on this ___ day of December, 2021, at New Orleans, Louisiana.

HON. ELLEN M. HAZEUR
District Judge, Division A

HON. RACHAEL JOHNSON
District Judge, Division B

HON. SIDNEY H. CATES IV
District Judge, Division C

HON. NAKISHA ERVIN-KNOTT
District Judge, Division D

HON. OMAR MASON
District Judge, Division E

HON. JENNIFER M. MEDLEY
District Judge, Division F

HON. ROBIN M. GIARRUSSO
District Judge, Division G

HON. MONIQUE BARIAL
District Judge, Division H

HON. LORI JUPITER
District Judge, Division I

HON. NICOLE SHEPPARD
District Judge, Division J

HON. BERNADETTE D'SOUZA
Chief Judge and District Judge, Division K

HON. KERN A. REESE
District Judge, Division L

HON. PAULETTE R. IRONS
District Judge, Division M

HON. ETHEL S. JULIEN
District Judge, Division N

10

IN RE: HURRICANE IDA CLAIMS     :     STATE OF LOUISIANA **FILED**

    :     PARISH OF ORLEANS APR 21 AM 11: 32

    :     CIVIL DISTRICT COURT CIVIL

DISTRICT COURT

## EXHIBIT "B"

### STIPULATION FOR MEDIATION

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1. The parties agreed to submit their dispute to mediation pursuant to the SSP, as specified in the Case Management Order (and any relevant supplements).

2. No party shall be bound by anything said or done during the mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement. The appointed neutral may meet in private conference with less than all parties. Information obtained by the neutral, either in written or oral form, shall be confidential and except as provided by Order of the Court it shall not be revealed by the neutral unless and until the party who provided the information agrees to its disclosure.

3. The mediation process, for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence, shall be considered a settlement negotiation. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. However, any evidence which would otherwise subject to discovery or admissible shall not be excluded from discovery or admission in evidence solely because it has been referenced or discussed during this mediation process.

4. The appointed neutral and their agents shall enjoy the same immunity as judges and court employees, whether under federal or state law, for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the mediation.

5. The parties shall not:

1

    (i)   Call or subpoena the appointed neutral as a witness or expert in any proceeding relating to: the mediation, the subject matter of the mediation, or any thoughts or impressions which the appointed neutral may have about the parties in the mediation;

    (ii)  Subpoena any notes, documents or other material prepared by the appointed neutral in the course of or in connection with the mediation; and

    (iii) Offer into evidence any statements, views or opinions of the appointed neutral.

6.    The appointed neutral's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the appointed neutral represents that he or she has taken requisite oaths.

7.    Any party to this Stipulation is required to attend at least one session and as may be directed by the Special Masters as many other sessions thereafter as may be helpful in resolving this dispute.

8.    An individual with final authority to settle the matter and to bind the party shall attend the mediation on behalf of each party.


_____     _____
**PLAINTIFF**                       **COUNSEL FOR PLAINTIFF**

Date: _____              Date: _____


_____     _____
**DEFENDANT**                   **COUNSEL FOR DEFENDANT**

Date: _____              Date: _____


**CONSENTED TO BY:**


_____
**NEUTRAL APPOINTED BY THE COURT**

Date: _____

2

IN RE: HURRICANE IDA CLAIMS            :        STATE OF LOUISIANA FILED

                                       :        PARISH OF ORLEANS 2021 APR 21  AM 11: 32

_____       :        CIVIL DISTRICT COURT
                                                      CIVIL
                                                DISTRICT COURT

## EXHIBIT "C"

### FORM FOR ISC DEMAND BY INSURED

| Category | Policy Limits | Damage(s) | Prior Payments | ISC DEMAND |
|---|---|---|---|---|
| A. Property | _____ | _____ | _____ | _____ |
| B. Other Structures | _____ | _____ | _____ | _____ |
| C. Personal Property | _____ | _____ | _____ | _____ |
| D. ALE | _____ | _____ | _____ | _____ |

Claim for Statutory Bad Faith Penalties on Late Prior Payments          _____
Claim for Statutory Bad Faith Penalties on ISC Demand                   _____
Claim for Attorney's Fees                                              _____

Total Claim for Other Damages (describe below):                        _____

_____
_____
_____

TOTAL                                                                  _____

This demand is for the purposes of mediation only and is covered by mediation confidentiality. It may not be used for any other purpose. It is rescinded if the case does not settle as part of the SSP. The plaintiff reserves the right to modify the demand based on changes in circumstances or supplemental information. The plaintiff reserves the right to asserts claims for expert costs, judicial interest, and mental anguish / economic damages and related penalties pursuant to R.S. 22:1973 at any trial of this matter even if they are not listed above.

3

IN RE: HURRICANE IDA CLAIMS  :  STATE OF LOUISIANA FILED

                        :  PARISH OF ORLEANS   2022 APR 21  AN 11: 32

                        :  CIVIL DISTRICT COURT

                                              CIVIL
                   EXHIBIT "D"         DISTRICT COURT

### FORM FOR ISC DETAIL OF PAYMENTS BY INSURER

| Category | Policy Limits | Prior Payments | Date(s) |
|---|---|---|---|
| A. Property | _____ | _____ | _____ |
| B. Other Structures | _____ | _____ | _____ |
| C. Personal Property | _____ | _____ | _____ |
| D. ALE | _____ | _____ | _____ |
| OTHER: | _____ | _____ | _____ |

Other Detail:_____

TOTAL      _____      _____

4