## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOURGOGNE BYWATER, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-121** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.** | **SECTION: D (4)** |

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Compel Arbitration and Stay the Proceedings, filed by the Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company (collectively "Defendants").[1]  Plaintiff Bourgogne Bywater, LLC filed a response to the Motion.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff originally filed this action on August 28, 2023 in the Civil District Court for the Parish of Orleans, State of Louisiana seeking to recover damages against Defendants for Defendants' alleged failure to pay Plaintiff's insurance claims for Hurricane Ida-related damage to Plaintiff's property.[3]   Defendants timely

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] *See* R. Doc. 1-2.

removed the case to this Court on January 12, 2024 pursuant to 9 U.S.C. § 205, alleging that this action relates to an arbitration agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.[4] Shortly thereafter, Defendants filed the instant Motion as well as a Motion to Opt Out of Streamlined Settlement Program.[5] On February 9, 2024, the assigned United States Magistrate Judge denied the latter motion.[6]

Defendants argue that this Court should order the parties to arbitrate this dispute pursuant to an arbitration provision in the insurance policy between Plaintiff and Defendants. Defendants contend that the arbitration agreement is valid and binding and must be enforced pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Accordingly, Defendants move this Court to compel arbitration and to stay this litigation, pending arbitration.

Plaintiff filed a brief response to the Motion acknowledging that this Court has previously granted nearly identical motions to compel arbitration in other cases and recognizing that "the Court will grant defendant's motion and order this matter to arbitration."[7] Plaintiff further explains that they "seek[] to preserve the opportunity to ask this Court to revisit and reconsider this decision should there be an intervening

---

[4] R. Doc. 1.
[5] R. Doc. 5; R. Doc. 6.
[6] *See* R. Doc. 10.
[7] R. Doc. 8.

change or clarification in the controlling law by the United States Fifth Circuit Court of Appeals."[8]

## II.   ANALYSIS

Although Louisiana law ordinarily prohibits enforcement of arbitration clauses concerning insurance disputes, the Fifth Circuit has held that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201–09, supersedes state law.[9]  Section 201 of the Federal Arbitration Act provides that the Convention "shall be enforced in United States courts in accordance with this chapter."[10]   The Convention was ratified by Congress "to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[11]

Pursuant to the Convention, "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen."[12]   Once "these requirements are met, the Convention requires the district court [ ] to order

---

[8] *Id.*

[9] *See McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431–32 (5th Cir. 2019), *as revised* (June 6, 2019).

[10] 9 U.S.C. § 201.

[11] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).

[12] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)).

arbitration," "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[13]

Defendants contend that all four criteria are met here.  Plaintiff does not dispute that contention.  The Court concurs with Defendants that the arbitration agreement is enforceable pursuant to the Convention.  Specifically, the Court finds that there is (1) a written agreement between the parties to arbitrate[14]; (2) the agreement calls for arbitration in the United States—New York specifically—which is a Convention signatory nation[15]; (3) the agreement relates to insurance and therefore arises from a commercial relationship; and (4) multiple Defendants, including HDI Global Specialty SE and the insurer-members subscribed to the Lloyd's of London policies at issue here, are citizens of foreign nations.[16]  Accordingly, given the satisfaction of each of the four required elements, the failure of Plaintiff to provide any reasons why the Convention does not apply to this dispute, and the clear contractual language mandating arbitration for any disputes between the parties, the Court finds it appropriate to grant Defendants' Motion to Compel Arbitration.

---

[13] *Id.* (quoting *Francisco*, 293 F.3d at 273, then quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985)).

[14] The arbitration clause included in the agreement between the parties states that:

> All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

*See* R. Doc. 6-2 at p. 43.

[15] *See Freudensprung*, 379 F.3d at 339 ("[T]he United States is a signatory to the Convention[.]").

[16] *See* R. Doc. 1 at p. 7.

Further, pursuant to 9 U.S.C. § 3, when an issue subject to an arbitration clause is raised in a federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[17]  Defendants have moved to stay this litigation upon the Court's ordering of the parties to arbitration.[18]  Because this Court finds that arbitration is mandatory in this case, the Court stays this litigation pending resolution of the arbitration proceedings and until, upon the filing of a written motion, the Court finds that the stay should be vacated.

## III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and Stay the Proceedings[19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** until a final resolution of the arbitration proceedings has been rendered and the Court, upon written motion of the parties, or sua sponte, finds it appropriate to vacate the stay.

New Orleans, Louisiana, February 9, 2024.


**WENDY B. VITTER**
**United States District Judge**

---

[17] 9 U.S.C. § 3.
[18] *See* R. Doc. 6.
[19] *Id.*